# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TONY HUCKBOTTOM, *also known as*, MICHAEL WHITFIELD,

    Plaintiff,

v.

STATE OF NEVADA, *et al.*,

    Defendants.

3:18-cv-00331-MMD-CBC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

    Before the Court is Plaintiff Tony Huckbottom's ("Huckbottom"), application to proceed *in forma pauperis* (ECF No. 1) and his *pro se* civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1-1).  For the reasons stated below, the Court recommends that Huckbottom's *in forma pauperis* application (ECF No. 1) be granted and that his complaint (ECF No. 1-1) be dismissed with prejudice and without leave to amend.

**I.**    ***IN FORMA PAUPERIS* APPLICATION**

    A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1  affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

2  "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted).  A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Huckbottom cannot pay the filing fee; therefore, the Court recommends that the application be granted.

## II.    SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios).  *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that

the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.   SCREENING OF COMPLAINT

In his complaint, Huckbottom sues Defendants the State of Nevada and Reno Justice Court. (*See* ECF No. 1-1 at 1-2). Huckbottom alleges that he did not "waive [his] right to a preliminary hearing within 15 days," and that the court did not allow him to attend his court appearances to "dispute counsel's decision to continue [his] preliminary hearing." (*Id.* at 3-4).

Huckbottom cannot raise 42 U.S.C. § 1983 claims against the State of Nevada or the Reno Justice Court based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"). Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. S*ee* NRS § 41.031(3). State courts are agencies of the state and, are therefore not "persons" subject to suit under 42 U.S.C. § 1983. *O'Connor v. State of Nev.*, 507 F.Supp. 546, 550 (D. Nev. 1981) *aff'd*, 686 F.2d 749 (9th Cir.

1982). The Reno Justice Court is part of the state court, which is considered an "arm of the state" for purposes of § 1983 claims and is therefore entitled to sovereign immunity. *Id.* Accordingly, the Court recommends dismissal of Huckbottom's complaint (ECF No. 1-1) with prejudice, and without leave to amend, as amendment would be futile.

**IV.   CONCLUSION**

For the reasons articulated above, the Court recommends Huckbottom's application to proceed *in forma pauperis* (ECF No. 1) be granted, and that Huckbottom's complaint (ECF No. 1-1) be dismissed, with prejudice, and without leave to amend, as amendment would be futile.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.   RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Huckbottom's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Huckbottom's complaint (ECF No. 1-1); and

//
//
//
//

**IT IS FURTHER RECOMMENDED** that Huckbottom's complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND**.

**DATED:** August 14, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**